UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ANDRES Y. ACEVEDO,
    Plaintiff,

v.      No. 3:18-cv-1583 (VLB)

RICARDO RUIZ, et al.,
    Defendants.

## ORDER

Plaintiff, Andres Y. Acevedo, currently confined at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 alleging that the defendants were deliberately indifferent to his medical needs. The named defendants are Dr. Ricardo Ruiz and RN Jane Ventrella. The defendants are named in individual and official capacities.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56

(2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

I. Allegations

The events underlying this action occurred while plaintiff was confined at Cheshire Correctional Institution. In May 2016, plaintiff discovered a lump on his testicle and began experiencing testicular pain. On August 30, 2016, he submitted an inmate request asking to have a doctor examine the lump. RN Ventrella saw plaintiff the following day and placed him on the list to see the doctor.

On November 3, 2016, after waiting 65 days to see the doctor, plaintiff submitted a second inmate request stating that he had not yet been seen by the doctor and was still experiencing pain. He requested a medical visit and confirmation that he was on the list to see the doctor. On November 9, 2016, RN Ventrella called plaintiff to the medical unit and informed him that he was on the list. Although plaintiff complained of pain, she did not prescribe medication.

On December 4, 2016, plaintiff submitted a Health Services Review Grievance seeking an examination and treatment for pain. On December 24,

2016, Dr. Ruiz examined plaintiff.  Dr. Ruiz ordered lab tests and told plaintiff that he would be seen for a follow-up examination.  Dr. Ruiz did not prescribe pain medication.

On January 23, 2017, plaintiff submitted an inmate request seeking the results of the lab tests and complaining about pain.  On January 26, 2017, he submitted a second request asking if he was on the list for a follow-up visit and again complaining about pain.  On January 29, 2017, RN Ventrella called plaintiff to the medical unit and discussed the test results.  She disregarded his complaints of pain.

## II.  Discussion

Plaintiff lists four legal claims in his complaint: (1) deliberate indifference, (2) medical malpractice, (3) intentional infliction of severe pain, and (4) cruel and unusual punishment.  For each of these claims, plaintiff states that the defendants violated his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments.  In addition, within the section of the complaint titled "Jurisdiction and Venue," plaintiff references the First and Eighth Amendments and generally refers to state tort law.  Plaintiff has named the defendants in individual and official capacities and seeks damages as well as declaratory and injunctive relief.

A.  <u>Official Capacity Claims</u>

Plaintiff seeks compensatory and punitive damages but does not indicate the capacity in which he seeks these damages.  The Eleventh Amendment bars claims for damages against state officials in their official capacity unless the state waives this immunity or Congress abrogates it; exceptions are not

3

applicable here.  *Kentucky v. Graham*, 473 U.S. 159, 169 (1995).  Accordingly, all official capacity claims for damages against the defendants are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Plaintiff also seeks declaratory relief in the form of a declaration that the actions described in the complaint violated his constitutional rights.  Declaratory relief operates prospectively.  It is intended to enable parties to adjudicate claims before either party suffers significant damages.  *Orr v. Waterbury Police Dep't.*, No. 3:17-cv-788(VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018) (citations omitted).  In *Orr*, the court dismissed the request for declaratory relief because the request related only to past actions; the plaintiff had not identified any legal issues that could be resolved by declaratory relief.  *Id.*  Similarly, plaintiff seeks a declaration regarding past actions.  Thus, the request for declaratory relief is inappropriate and is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Finally, plaintiff seeks injunctive relief "for any medical issues that may arise from the lack of medical attention."  Doc. #1 at 8, ¶ 32.  To state a claim for permanent injunctive relief, plaintiff must allege facts showing the absence of an adequate remedy at law and irreparable harm should relief be denied.  *Martin v. Shell Oil Co.*, 180 F. Supp. 2d 313, 323 (D. Conn. 2002) (citing *New York State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1362 (2d Cir. 1989)).  Irreparable harm cannot be remote or speculative.  *Fair Haven Development Corp. v. DeStefano*, No. Civ. A. 303CV1069CFD, 2005 WL 1877278, at *4 (D. Conn. Aug. 9, 2005) (citing *Forest City Daly Housing, Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999)).

Plaintiff does not seek treatment for any condition he now experiences, but rather for any issue that may arise in the future. As this request is both remote and speculative, the request for injunctive relief is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

B.  Medical Malpractice

Plaintiff includes a general reference to state law torts and identifies one of his legal claims as "Medical Malpractice." Thus, the Court considers the complaint to assert a state law medical malpractice claim.

Medical malpractice is a type of negligence claim. *See Gallinari v. Kloth*, 148 F. Supp. 3d 202, 208 (D. Conn. 2015) (citing cases determining whether negligence claim is medical malpractice or ordinary negligence). Connecticut General Statutes § 4-165 bars negligence claims against state employees acting within the scope of their employment. Plaintiff has named the defendants for actions taken in their employment as medical care providers. Thus, the malpractice claim against them in their individual capacities is barred. The defendants are protected by sovereign immunity from any state law claims asserted against them in their official capacities. *See Gonzalez v. Lantz*, No. 3:03CV2264(SRU)(WIG), 2005 WL 1711968, at *5 (D. Conn. July 20, 2005) (dismissing state law claims against defendant in official capacity as barred by sovereign immunity).

In addition, Connecticut General Statute § 52-190a requires that plaintiff submit a good faith certificate and a health care provider's detailed opinion that the actions of the defendants constitute medical negligence. The absence of

such a letter requires dismissal of the claim without prejudice. *Gallinari*, 148 F. Supp. 3d at 206-08. As plaintiff has not submitted the required letter, even if the claim were cognizable, it would be dismissed.

C. <u>Deliberate Indifference to Serious Medical Needs</u>

Although plaintiff lists four legal claims, they are the same claim with different titles. The allegations support only one claim, a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. Plaintiff contends that the defendants were deliberately indifferent to his medical needs because he was not seen by Dr. Ruiz for four months after he first submitted an inmate request seeking treatment, and neither defendant provided any treatment or medication for his complaints of pain.

The Supreme Court has held that deliberate indifference to a convicted prisoner's serious medical needs can constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A claim of deliberate indifference to serious medical needs contains both an objective and a subjective component. *See Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006). Under the objective component of the test, the alleged deprivation of medical care must be "sufficiently serious." *See id.* at 279 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). This inquiry "requires the court to examine how the offending conduct is inadequate and what harm, if any, the inadequacy has caused or will likely cause the prisoner." *Id.* A "sufficiently serious" deprivation can exist if the plaintiff suffers from an urgent medical condition that is capable of causing death, degeneration, or extreme or chronic

6

pain.  *See Brock v. Wright*, 315 F.3d 158, 162–63 (2d Cir. 2003); *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996).  A medical condition may not initially be serious, but may become serious because it is degenerative and, if left untreated or neglected for a long period of time, will "result in further significant injury or the unnecessary and wanton infliction of pain."  *Harrison v. Barkley*, 219 F.3d 132, 136–37 (2d Cir. 2000).  The Second Circuit has identified several factors that are "highly relevant" to the question of whether a medical condition is sufficiently serious, including "an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain."  *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998).

The subjective component requires that the defendant prison official must have "act[ed] with a sufficiently culpable state of mind."  *Id.* (quoting *Hathaway*, 99 F.3d at 66).  This does not require "knowing and purposeful infliction of harm," but "suffices if the plaintiff proves that the official acted with deliberate indifference to inmate health."  *See Salahuddin*, 467 F.3d at 279–80.  Thus, the defendant must have been "actually aware of a substantial risk that serious inmate harm would result" as a result of his or her actions or inactions and have disregarded that risk.  *See id.*  The fact that a prison official or employee "failed to alleviate a significant risk that he should have perceived, but did not" does not constitute deliberate indifference.  *See Farmer*, 511 U.S. at 838.

7

A showing of negligence or medical malpractice does not support an Eighth Amendment claim, unless it involves culpable recklessness. *See Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003). Thus, "not every lapse in prison medical care will rise to the level of a constitutional violation." *See Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). In certain situations, however, "instances of medical malpractice may rise to the level of deliberate indifference[,] namely, when the malpractice involves culpable recklessness, i.e., an act or a failure to act by the prison doctor that evinces a conscious disregard of a substantial risk of serious harm." *Hathaway*, 99 F.3d at 553 (internal quotation marks and citation omitted).

Plaintiff refers the Court to a Sixth Circuit decision, *Scott v. Ambani*, 575 F.3d 642 (6th Cir. 2009), to support his contention that an "allegation [that a] doctor refused to examine or provide medication to prisoner painful testicular lump stated a deliberate indifference claim." Doc. #1 at 4, ¶ 20. In *Scott*, however, the doctor knew that the prisoner had recently been treated for prostate cancer and had severe back and leg pain in addition to the painful testicular lump. 577 F.3d at 648. The court relied on the severity of the prisoner's prior medical condition in determining that the doctor's failure to provide medical treatment for six months stated a cognizable claim. *Id.* Here, plaintiff alleges no prior condition and there are no Second Circuit cases holding that a painful testicular lump, without more, is a serious medical need.

Plaintiff alleges that he has experienced severe pain since May 2016. He first informed medical staff of his condition on August 30, 2016. Neither

defendant addressed his complaints of pain from that date through September 11, 2018, the day plaintiff signed the complaint. As severe pain is one criterion for a serious medical need under *Chance,* for purposes of this order only, the Court will assume that plaintiff has a serious medical need.

A disagreement over treatment does not rise to the level of an Eighth Amendment violation. *See Siminausky v. Sean*, No. 3:14-cv-243(VLB), 2017 WL 391425, at *4 (D. Conn. Jan. 25, 2017) ("An exercise of medical judgment that results in a disagreement regarding treatment is not cognizable under the Eighth Amendment); *see also Hathaway v. Coughlin*, 27 F.3d 63, 70 (2d Cir. 1994) ("We do not sit as a medical board of review. Where the dispute concerns not the absence of help but the choice of a certain course of treatment, or evidences mere disagreement with considered medical judgment, we will not second guess the doctors.").

Plaintiff alleges that Dr. Ruiz and RN Ventrella provided no treatment for his complaints of severe pain. Plaintiff does not allege in all instances to whom he complained of pain. However, Plaintiff does allege he repeatedly complained of pain. The Court presumes his complaints were recorded in his medical records and that the Defendants reviewed his records. As Plaintiff has sufficiently alleged the Defendants were aware of his complaints he has stated a plausible claim against the defendants for deliberate indifference to his severe persistent pain. *See Stevens v. Goord*, 535 F. Supp. 2d 373, 388 (S.D.N.Y. 2008) ("judgments that have no sound medical basis, contravene professional norms, and appear designed simply to justify an easier course of treatment (in this case, no

9

treatment) may provide the basis of a claim"). The Eighth Amendment claim will proceed.

D.  **First, Fourth, Fifth, Sixth, and Fourteenth Amendments**

Plaintiff specifically bases his legal claims on violation of his rights under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments. None of these amendments afford plaintiff a right to adequate medical care.

The First Amendment concerns freedom of speech and religious exercise. The Fourth Amendment protects against unreasonable search and seizure. The Sixth Amendment concerns rights at criminal trials. The Fifth Amendment affords due process protection against federal officials and the Fourteenth Amendment affords similar protections against state officials. Although deliberate indifference claims of pretrial detainees are considered under the Fourteenth, rather than the Eighth Amendment, *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017), records available on the Department of Correction website show that plaintiff was sentenced on September 3, 2004. [www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=237093](www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=237093) (last visited Sept. 26, 2018). Thus, he was not a pretrial detainee during the period underlying the complaint and the Fourteenth Amendment affords him no relief. As plaintiff alleges no facts supporting a plausible claim under any of these amendments, any First, Fourth, Fifth, Sixth, and Fourteenth Amendment claims are dismissed.

## CONCLUSION

All claims against the defendants in their official capacities; all claims for violation of the First, Fourth, Fifth, Sixth, and Fourteenth Amendments; and the

state law medical malpractice claim are DISMISSED pursuant to 28 U.S.C. § 1915A(b). The case will proceed on the Eighth Amendment claims against Dr. Ruiz and RN Ventrella.

While the Plaintiff has alleged sufficient facts to meet the minimal notice standard, he has not established his claims to be meritorious. Further, the case is straightforward and Plaintiff has not demonstrated that he needs the assistance of counsel, that the services of Inmate Legal Services are insufficient, and that he has made a diligent efforts to retain private counsel on a contingency basis. Accordingly, were it asked to do so, the Court would decline to appoint counsel. *Hodge v. Police Officers,* 802 F. 2d 58, 61 (2d Cir.1986); *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997)

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The Clerk shall verify the current work addresses for defendants Ruiz and Ventrella with the Department of Correction Office of Legal Affairs, mail waiver of service of process request packets containing the Complaint to these defendants within twenty-one (21) days of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If either defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshal Service on that defendant in his or her individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

11

**(2)** The Clerk shall send written notice to plaintiff of the status of this action, along with a copy of this Order.

**(3)** The Clerk shall send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

**(4)** The defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

**(5)** Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order. Discovery requests need not be filed with the court.

**(6)** All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

**(7)** Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**(8)** If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE

MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  Plaintiff should also notify the defendant or the attorney for the defendant of his new address.

  (9) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the court.  Plaintiff is advised that the Program may be used only to file documents with the court.  As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

  SO ORDERED.

  Dated this 27th day of November 2018 at Hartford, Connecticut.

              Vanessa L. Bryant
              United States District Judge